IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| QUINT L. EVANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 120-061 |
| | ) | |
| RICHARD ROUNDTREE, Sheriff, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Upon review of the petition, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

**I.   BACKGROUND**

This is Petitioner's third § 2241 petition related to his current detention, filed approximately two months after dismissal of his second petition and eight months after dismissal of his first petition.  See Evans v. Roundtree, CV 119-221, doc. nos. 10, 11 (S.D. Ga. Feb. 14, 2020) (hereinafter "CV 119-221"); Evans v. Roundtree, CV 119-091, doc. nos. 11, 12 (S.D. Ga. Aug. 26, 2019) (hereinafter "CV 119-091").  Because the Court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings, as well as of its own records, the Court quotes liberally from its prior Report

and Recommendation in both CV 119-091 and CV 119-221.[1]  See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994); United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).  The Court updates, as necessary, any changes in Petitioner's underlying state proceedings.

According to the instant petition and publicly available records, Petitioner was placed on first offender probation on May 12, 2017, for a charge of cruelty to children in the first degree.  State v. Evans, Case No. 2017RCCR00066 (Richmond Cty. Sup. Ct. May 12, 2017), *available at* https://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search "Evans, Quinton" last visited May 22, 2020) (hereinafter first offender case, Attach. 1); (doc. no. 1, p. 1).  On August 24, 2018, a warrant issued in the first offender case based on activity which became the basis for a new indictment dated December 4, 2018.  (Attach. 1.)  The new case charged Petitioner with criminal attempt to commit a felony, aggravated assault, false imprisonment, and three charges of child molestation.  State v. Evans, Case No. 2018RCCR01554 (Richmond Cty. Sup. Ct. Dec. 4, 2018), *available at* https://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search "Evans, Quint" last visited May 22, 2020) (hereinafter pending case, Attach. 2); (doc. no. 1, p. 2.)  A petition for modification/revocation of probation was filed in the first offender case on February 6, 2019.  (Attach. 1.)  The pending 2018 criminal case, in which Petitioner is represented by the Public Defender's Office, has appeared on the Jury Trial calendar eleven times, most

---

[1]CV 119-091, doc. no. 8 (S.D. Ga. Aug. 1, 2019); CV 119-221, doc. no. 5 (S.D. Ga. Jan. 7, 2020).

recently scheduled for May 11, 2020.[2]  (Attach. 2.)

Petitioner filed a *pro se* state habeas corpus petition on May 24, 2019 against Sheriff Roundtree and the Webster Detention Center.  Evans v. Roundtree, Case No. 2019RCHM00015 (Richmond Cty. Sup. Ct. May 24, 2019), *available at* https://coc.augustaga.gov (follow "Civil Search" hyperlink; then search "Evans, Quint" last visited May 22, 2020, Attach. 3); (doc. no. 1, p. 3.)  An answer was filed on June 24, 2019. (Attach. 3.)  The docket reflects Petitioner has moved to dismiss and quash the indictment for his 2018 case and has written several letters to the state habeas court.  (See id.; doc. no. 1, p. 5.)  On November 8, 2019, a response issued to Petitioner's correspondence, but there does not appear to be any official court rulings on the state habeas petition or the motions filed therein.  (Attach. 3)

In his current federal petition, Petitioner raises multiple claims regarding the grand jury proceedings that resulted in his December 4, 2018 indictment.  (See doc. no. 1, p. 6.)

## II.     DISCUSSION

### A.     Exhaustion

As with his prior two petitions, the instant petition should be dismissed because Petitioner has not exhausted state court remedies.  Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), federal courts do not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures.  Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015)

---

[2]Based on the chronology of the case and comparison with the docket as it was attached in the first federal petition, it appears the Jury Trial Notice dated January 13, 2019, may have been mistakenly put on the docket when attempting to notice the trial for January 13, 2020.  Cf. Attach. 2 with CV 119-091, doc. no. 8, Attach. 2.

(explaining exhaustion requirement in § 2241 case); Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (noting applicability of exhaustion requirement to § 2241 petition challenging pretrial detention). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process." Turner v. Morgan, No. 3:12cv188/MCR/CJK, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by*, 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citation omitted). Put differently, the exhaustion doctrine prevents "pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes, absent a petitioner's exhaustion of his state court remedies." Id. (citing Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 493 (1973)).

Nothing in Petitioner's filings suggests he has been prevented from asserting his current claims in his state court proceedings. Indeed, Petitioner has a pending state habeas corpus petition. (See Attach. 3.) Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise claims concerning the validity of his indictment. See Henderson v. Hames, 697 S.E.2d 798, 801-03 (Ga. 2010); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions).

Moreover, on March 14, 2020, the Honorable Harold D. Melton, Chief Justice of the Supreme Court of Georgia, issued an Order Declaring Statewide Judicial Emergency pursuant to O.C.G.A. § 38-3-61 because of the COVID-19 pandemic. Order *available at* https://gasupreme.us (follow hyperlink for Statewide Judicial Emergency, Original Order, last visited May 22, 2020). That Statewide Judicial Emergency currently extends through June

4

12, 2020. Id. (follow hyperlink for Statewide Judicial Emergency, Second Extension Order, last visited May 22, 2020). Thus, any delay in the proceedings scheduled for May 11, 2020, in the 2018 criminal proceedings is not unusual in light of the emergency declaration and does not warrant disregarding the exhaustion doctrine.

Therefore, the Court concludes Petitioner has not satisfied the exhaustion requirement.

### B.     Younger Abstention

The petition is also due to be dismissed because this Court should not interfere with Petitioner's ongoing state prosecution. The Supreme Court has repeatedly ruled that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger v. Harris, 401 U.S. 37 (1971)). There are three exceptions to this rule that warrant federal court intervention: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Turner, 2012 WL 2003835, at *2 (citing Younger, 401 U.S. at 45).

None of the three exceptions to the Younger doctrine apply to Petitioner's case. Although Petitioner claims he is the victim of bad faith prosecution, he fails to make "substantial allegations" with evidentiary support for his claims. See Younger, 401 U.S. at 48-49 (noting allegations in previously decided case granting injunction were "substantial" and explaining bad faith prosecutions are brought without an intention of obtaining a conviction or for harassment). Moreover, although Petitioner claims he "has discovered being irreparably harmed" because there is not proof a grand jury existed to issue his indictment, (doc. no. 1, p. 6), he has no viable allegation of irreparable injury. See Younger,

5

401 U.S. at 53-54 (finding irreparable injury if statute of prosecution is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or other unusual circumstances require equitable relief). Indeed, Petitioner provides no evidence to support his allegation the 2018 indictment was not properly returned by a duly empaneled grand jury.

Finally, Petitioner's ongoing state prosecution, wherein he is represented by the Public Defender's Office, provides an adequate state forum where any constitutional issues can be raised. Therefore, the Court should abstain from reaching the merits of Petitioner's § 2241 petition.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of May, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA